IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tommie Haddox, Jr., | : | |
| Plaintiff | : | Case No.  2:05-cv-795 |
| v. | : | Judge Sargus |
| Tim Brunsman, Warden Chillicothe Correctional, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**Report and Recommendation**

This matter is before the Magistrate Judge on plaintiff's September 8, 2005

motions for an injunction to remain at his current institution (doc.  5) and to freeze

the assets of corrections officer Greg Nesser (doc.  6).

Plaintiff seeks an order preventing defendants from moving him to another

institution while this case is pending because he believes that a transfer would be

detrimental to his efforts to litigate this case.  He fears that defendants will transfer

him in retaliation for bringing this lawsuit.  A court must assess four factors in

deciding whether to issue a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the
> merits; (2) whether the movant would otherwise suffer irreparable
> harm; (3) whether issuance of a preliminary injunction would cause
> substantial harm to others; and (4) whether the public interest would be
> served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir.

1

1997)(*en* banc)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).  "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

   To show a likelihood of prevailing on the merits, plaintiff must establish the likely existence of a constitutional violation causally related to the result to be enjoined.  *Martin-Marietta v. Bendix*, 690 F.2d 558, 565 (6th Cir. 1982).  A prisoner does not have a constitutionally protected right to remain at a particular prison.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  The Director of the Ohio Department of Rehabilitation has the discretion to assigning inmates to prisons and to transfer them from one prison to another.  *See* Ohio Rev.  Code § 5120.01 ("Inmates committed to the department of rehabilitation and correction shall be under the legal custody of the director or the director's designee, and the director or the director's designee shall have power to control transfers of inmates between the several state institutions included under section 5120.05 of the Revised Code.").  Plaintiff has no constitutionally protected interest in remaining at the Chillicothe Correctional Center.  *See Montayne v. Haymes*, 427 U.S. 236, 242-43 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).

   Plaintiff contends that he would suffer irreparable harm in the event that he is transferred in retaliation for filing this action because it would impede his ability

2

to vindicate his rights.  However, he does not offer any facts supporting either his claim that his transfer is in retaliation for filing suit or that, should he be transferred, he would be impeded in his ability to prosecute this lawsuit.  Finally, even if plaintiff is transferred in retaliation for exercising his constitutional rights, that issue is not properly before the Court at this time. Under 42 U.S.C. §1997e(a), a prisoner challenging "prison conditions" under §1983 must first exhaust his administrative remedies.  "[T]he [Prison Litigation Reform Act]'s exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Consequently, the Magistrate Judge RECOMMENDS that plaintiff's September 8, 2005 motion for an injunction to remain at his current institution (doc.  5) be DENIED.

Plaintiff also seeks an order to freeze and hold all assets of corrections officer Greg Nesser because he believes that the State should not bear the full burden of financial responsibility for actions taken by Nesser that were beyond the scope of his duties.  Section 2715.01 of the Ohio Revised Code provides in pertinent part:

> (A) An attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement, upon any one of the following grounds:
> (1) Excepting foreign corporations which by compliance with the law therefore are exempted from attachment as such, that the defendant or one of several defendants is a foreign corporation;
> (2) That the defendant is not a resident of this state;
> (3) That the defendant has absconded with the intent to defraud creditors;
> (4) That the defendant has left the county of the defendant's residence to avoid the service of a summons;

3

(5) That the defendant so conceals self that a summons cannot be
served upon the defendant;
(6) That the defendant is about to remove property, in whole or part,
out of the jurisdiction of the court, with the intent to defraud creditors;
(7) That the defendant is about to convert property, in whole or part,
into money, for the purpose of placing it beyond the reach of creditors;
(8) That the defendant has property or rights in action, which the
defendant conceals;
(9) That the defendant has assigned, removed, disposed of, or is about to
dispose of, property, in whole or part, with the intent to defraud creditors;
(10) That the defendant has fraudulently or criminally contracted the
debt, or incurred the obligations for which suit is about to be or has
been brought;
(11) That the claim is for work or labor.

Defendant Greg Nesser does not fall within the criteria set forth in the statute.

Moreover, plaintiff has failed to offer any evidence to support a claim that–should he

obtain a judgment against the correctional officer–it would be uncollectible because

Nesser is transferring assets or engaging in other activity to avoid paying any

judgment.  Accordingly, the Magistrate Judge RECOMMENDS that plaintiff's

September 8, 2005 motion to freeze the assets of corrections officer Greg Nesser (doc.

6) be DENIED.

For the reasons stated above, the Magistrate Judge RECOMMENDS that

plaintiff's September 8, 2005 motions for an injunction to remain at his current

institution (doc.  5) and to freeze the assets of corrections officer Greg Nesser (doc.

6) be DENIED.

If any party objects to this Report and Recommendation, that party may,

within ten (10) days, file and serve on all parties a motion for reconsideration by the

Court, specifically designating this Report and Recommendation, and the part

4

thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R.  Abel
United States Magistrate Judge